# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | |
|---|---|
| **In re:**<br><br>**THE SKI MARKET LTD., INC.,**<br><br>Debtor. | **Chapter 11**<br>Case No. _____ |

## APPLICATION BY DEBTOR FOR ORDER APPROVING RETENTION OF MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP AS COUNSEL

NOW COMES The Ski Market Ltd., Inc., the debtor (the "Debtor") in the above-captioned proceeding, and, pursuant to 11 U.S.C. § 327(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and MLBR 2014-1, hereby requests that this Court authorize the employment of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL") as counsel to the Debtor, as specifically set forth herein.

In support hereof, the Debtor states the following:

1. On this date the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. The Debtor requires the assistance of counsel in order to effectively and efficiently navigate the Chapter 11 process.

3. The Debtor selected the firm of MODL to act as counsel on its behalf because of MODL's experience and knowledge in the field of bankruptcy law, and the Debtor further believes that MODL is well qualified to represent its interests in this case.

4. The Debtor wishes to employ MODL to perform the following services in connection with these proceedings:

    A. To assist and advise the Debtor in the preparation of Schedules, Statement of Financial Affairs, Cash Flow Reports for the Office of the United States Trustee and additional forms and/or documents as may be required by this Court or the Trustee's Office;

    B. To assist, advise and represent the Debtor in all hearings before this Court related to the within proceeding;

    C. To assist, advise and represent the Debtor in the preparation and filing of all motions, applications, objections, responses, answers, orders, notices and any additional pleadings or legal papers as may be necessary in the course of the administration of this proceeding;

    D. To assist, advise and represent the Debtor in any and all litigation which involves either the Debtor or its assets;

    E. To assist, advise, and represent the Debtor regarding the sale of assets through the Bankruptcy Court; and

    F. To perform such other legal services as may become necessary during the administration of these proceedings.

5. It is the carefully considered view of the Debtor that representation of the Debtor by counsel is necessary and advisable. Upon information and belief, MODL is fully qualified to render the services described above in this case.

6. To the best of the Debtor's knowledge, information and belief, the members and associates of MODL have no connection with the Debtor, the creditors or any other party in

interest, except as stated in the annexed affidavit of Joseph H. Baldiga and described below, and represent no other entity having an adverse interest to the Debtor in connection with this case.

7. The Debtor has agreed to the following terms of the employment of MODL, subject to the approval of this Court:

   A. Certain MODL attorneys and paralegals will undertake this representation at their standard hourly billing rates, which rates are as follows:

| Name | Position | Hourly Rate |
| --- | --- | --- |
| Joseph H. Baldiga | Partner | $365 |
| Paul W. Carey | Partner | $345 |
| Christine E. Devine | Partner | $345 |
| Gina M. Barbieri | Associate | $225 |
| Matthew R. Fisher | Associate | $190 |
| Antonio L. Trubiano | Associate | $185 |
| Kimberly M. DelleChiaie | Paralegal | $170 |

   B. The hourly rates stated above are subject to periodic adjustments in the ordinary course of MODL's billing practices; and

   C. The Debtor, from its operating budget, has provided MODL with a pre-petition retainer in the amount of $25,000.00 (the "Retainer").

8. MODL has indicated its willingness to serve as counsel to the Debtor herein and to receive compensation for professional services rendered and expenses incurred in the manner set forth above and in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code, and as follows:

   A. MODL seeks authority to submit monthly invoices to the Debtor for services rendered and expenses incurred (the "Monthly Invoices"; each a "Monthly Invoice"), with copies to be served on the Office of the United States Trustee, all secured

creditors, and any official committee of unsecured creditors or, if no committee has been formed, on the 20 largest unsecured creditors of the Debtor, for interim payment of 80% of fees and 100% of expenses.

B.   The Debtor and any other entity served shall be entitled to object to the invoices submitted within ten days of service of same, by filing any such objection and serving same upon MODL (the "Payment Objection Deadline"). Each Monthly Invoice shall clearly indicate the Payment Objection Deadline.

C.   The Debtor shall make weekly payments (the "Weekly Payments") to MODL in accordance with the amounts set forth in the Budget attached to the Cash Collateral Stipulation (both of which the Debtor has filed herewith). The Weekly Payment amounts are $10,000 per week for the first five weeks of these proceedings, $7,500 for the following two weeks, and $5,000 for the following two weeks. MODL shall hold all Weekly Payments in escrow pending expiration of the Payment Objection Deadline for each Monthly Invoice.

D.   After expiration of the Payment Objection Deadline for each Monthly Invoice, MODL shall be entitled to immediate payment of the Monthly Invoice from the Weekly Payments held in escrow, subject to final Court approval through a fee application.

E.   If any party timely objects to one or more of the Monthly Invoices, then MODL shall continue to hold the Weekly Payments in escrow pending approval of a fee application or further order of this Court.

F.  The Retainer shall be retained by MODL in an interest bearing account, to be applied to any amounts remaining owing to MODL in connection with its final fee application.

9.  Based upon the foregoing, the Debtor submits that the retention of MODL is in the best interests of the bankruptcy estate.

10. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order in the form attached hereto:

A.  Authorizing the Debtor to employ and retain the law firm of MODL as its counsel, on the terms and conditions set forth above, to perform the legal services recited herein;

B.  Authorizing the Debtor to pay to MODL the Weekly Payments as set forth in the Budget attached to the Cash Collateral Stipulation filed herewith, to be held in escrow by MODL on the terms and conditions set forth herein;

C.  Authorizing MODL to submit Monthly Invoices to the Debtor for interim payment of fees and expenses from the Weekly Payments held in escrow, at a rate of 80% and 100%, respectively, consistent with the procedures set forth above, and subject to subsequent Court review and approval pursuant to the Application;

D.  Authorizing MODL to file interim applications from time to time for final approval of payment of its fees and reimbursement of its expenses

incurred in connection with its representation of the Debtor in this proceeding; and

E. Granting such other and further relief as is just.

Respectfully submitted,

THE SKI MARKET LTD., INC.

_____
Andrew Ferguson, President

Dated: December 29, 2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| **In re:**<br><br>**THE SKI MARKET LTD., INC.,**<br><br>    **Debtor.** | **Chapter 11**<br>**Case No. 09**_____ |

## ORDER APPROVING RETENTION OF MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP AS COUNSEL TO DEBTOR

Upon the Application of The Ski Market Ltd., Inc. (the "Debtor") dated December 29, 2009 (the "Application"), and upon the Affidavit of Joseph H. Baldiga attached to said Application; and it appearing that Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL") is qualified to serve as counsel to the Debtor, and it appearing that MODL neither holds nor represents any interest adverse to the Debtor in connection with this proceeding and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, and that MODL's employment is in the best interest of the Debtor, it is hereby ORDERED that:

A.    The Debtor is authorized to employ and retain MODL to serve as its counsel in the above-captioned proceeding and to perform all of the services described in the Application and on the terms and conditions set forth therein;

B.    The Debtor is authorized to pay to MODL the Weekly Payments (as defined in the Application) and as set forth in the Budget attached to the Cash Collateral Stipulation, which Weekly payments shall be held in escrow by MODL on the terms and conditions set forth in the Application;

  C. MODL is authorized to submit monthly invoices to the Debtor for interim payment of fees and expenses at a rate of 80% and 100%, respectively, consistent with the procedures set forth in the Application, and subject to subsequent Court review and approval pursuant to the Application; and

  D. Absent any objection within ten days of service of MODL's monthly invoices, MODL is authorized to pay from the Weekly Payments held in escrow each MODL invoice at a rate of 80% of fees and 100% of expenses, with all payments subject to subsequent Court review and approval pursuant to the Application.

Dated: _____    _____
                Honorable
                United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>THE SKI MARKET LTD., INC.,<br><br>Debtor. | Chapter 11<br>Case No. 09_____ |

ATTORNEY'S AFFIDAVIT

COMMONWEALTH OF MASSACHUSETTS)
                                              ) ss.:
COUNTY OF WORCESTER            )

Joseph H. Baldiga, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts. I am a partner in the law firm of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), which firm is located at 1700 West Park Drive, Westborough, Massachusetts 01581-3941.

2. This affidavit is submitted in connection with the Application by Debtor for Order Approving Retention of MODL as Counsel (the "Application").

3. Neither I, the firm of MODL, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to that of the Debtor in the matters upon which said law firm is to be engaged. Thus, I believe the firm of MODL to be a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

4. Other than as stated in ¶3, above, my, and my firm's, connections with the Debtor, creditors, or other parties-in-interest, their respective attorneys and accountants are, to the best of my knowledge, as follows:

A.  The Debtor engaged MODL prior to the Petition Date, on or about November 2, 2009, to provide advice and legal services on issues related to bankruptcy.

B.  MODL has in the past represented Auburn Four LLC ("Auburn Four") against the Debtor in a business litigation matter unrelated to this proceeding. That matter was closed in 2005 and MODL no longer represents Auburn Four in any action adverse to the Debtor. The Debtor has not identified Auburn Four as a creditor in these proceedings. MODL's past representation of Auburn Four will not affect MODL's representation of the Debtor in connection with its bankruptcy proceeding.

C.  MODL has in the past represented clients, in matters unrelated to this proceeding, in cases where The O'Connor Group, Inc. ("TOG") may have been employed as a financial consultant. The Debtor has filed herewith an application to employ TOG as its financial consultant. MODL's work on such cases will not affect its ability to represent the Debtor in this proceeding.

D.  I acted in the past as Chapter 7 Trustee of the bankruptcy estate of Whistler Corporation of Massachusetts d/b/a Whistler Corporation ("Whistler"), Case No. 99-43575 HJB. In my capacity as Chapter 7 Trustee, I engaged Stephen F. Madden/New England Business Exchange, Inc. ("NEBEX") to act on behalf of the bankruptcy estate in a business broker capacity. The Debtor has filed an application to employ NEBEX as its business broker in this case.

E.  MODL makes periodic payments to various service providers, such as FedEx, for services provided to partners and employees of MODL. FedEx is listed on the Debtor's Schedule F as a creditor holding an unsecured non-priority claim. MODL's

engagement of various service providers will not affect MODL's representation of the Debtor in connection with its bankruptcy proceeding.

F. Within the last year, I, and possibly other employees of MODL, have purchased ski equipment from the Debtor. As a result, I and other employees of MODL may be creditors of the Debtor under its "Ski Market Rewards" program. Any claim that other MODL employees may have against the Debtor in connection with its "Ski Market Rewards" program are nominal and we will collectively waive any such claims.

5. MODL does not and, while employed by the Debtor, will not represent any other entity having an adverse interest in connection with this proceeding.

6. I have not agreed to share with any person the compensation to be paid for the services rendered in this case, other than among the members and employees of MODL.

7. The rates charged by MODL for services rendered in cases pending before the Bankruptcy Court are the same as MODL's rates for services rendered in non-bankruptcy matters.

8. The rates currently charged for those Partners, Associates, and Paralegals who are presently anticipated to perform services in the above-captioned case are as follows:

| Name | Position | Hourly Rate |
|---|---|---|
| Joseph H. Baldiga | Partner | $365 |
| Paul W. Carey | Partner | $345 |
| Christine E. Devine | Partner | $345 |
| Gina M. Barbieri | Associate | $225 |
| Matthew R. Fisher | Associate | $190 |
| Antonio L. Trubiano | Associate | $185 |
| Kimberly M. DelleChiaie | Paralegal | $170 |

Said rates are subject to change in the ordinary course of MODL's billing practices.

9.  MODL received a retainer in this case from the Debtor in the amount of $25,000.00, which sum, upon information and belief, was generated by the Debtor from operation of its business.

10. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

11. I have reviewed the provisions of MLBR 2016-1.

12. I have read the Application of the Debtor for an order approving the retention of MODL as counsel which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 29, 2009

_____
Joseph H. Baldiga, BBO #549963

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| In re:<br><br>THE SKI MARKET LTD., INC.,<br><br>Debtor. | Chapter 11<br>Case No. 09_____ |
|---|---|

## DECLARATION RE: ELECTRONIC FILING

**PART I – DECLARATION OF PETITIONER**

I, Joseph H. Baldiga, hereby declare under penalty of perjury that all of the information contained in my Attorney's Affidavit (singularly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR) - 7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: December 29, 2009

_____
Joseph H. Baldiga

{Practice Areas\CORP\22546\00001\A4089716.DOC}