UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| **In re:**<br><br>**THE SKI MARKET LTD., INC.,**<br><br>Debtor. | Chapter 11<br>Case No. _____ |

### APPLICATION BY DEBTOR FOR ORDER APPROVING RETENTION OF THE O'CONNOR GROUP, INC. AS FINANCIAL CONSULTANT

NOW COMES The Ski Market Ltd., Inc., the debtor (the "Debtor") in the above-captioned proceeding, and, pursuant to 11 U.S.C. § 327(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and MLBR 2014-1, hereby requests that this Court authorize the employment of The O'Connor Group, Inc. ("TOG") as financial consultant to the Debtor, as specifically set forth herein.

In support hereof, the Debtor states the following:

1. On this date the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. The Debtor requires the assistance of a financial consultant in order to provide management support and otherwise assist with the Debtor's operations and sale of the Debtor's assets during this Chapter 11 proceeding.

3. The Debtor selected TOG to act as its financial consultant because of TOG's experience and knowledge in the field of finance and management, and the Debtor further believes that TOG is well qualified to assist the Debtor.

4. The Debtor wishes to employ TOG to perform financial consulting services as follows:

A. Providing Chief Financial Officer and other general consulting services, including providing business advice and consultation regarding the Debtor's current financial issues and the development of strategies appropriate in a Chapter 11 context;

B. Reviewing and assisting management in any or all issues facing the business, including any and all major financial, banking, and operational issues;

C. Managing a short term, 13-week cash flow forecast and assisting with the preparation of other such reports as may be required by the Bankruptcy Court or the Office of the United States Trustee;

D. Providing support to the Debtor regarding the sale of assets through the Bankruptcy Court; and

E. Performing such other financial consulting services as may become necessary during the administration of these proceedings.

5. It is the carefully considered view of the Debtor that employment of a financial consultant is necessary and advisable. Upon information and belief, TOG is fully qualified to render the services described above in this case.

6. To the best of the Debtor's knowledge, information and belief, the members and associates of TOG have no connection with the Debtor, the creditors or any other party in interest, except as stated in the annexed affidavit of James O'Connor, Jr., and represent no other entity having an adverse interest to the Debtor in connection with this case.

7. The Debtor has agreed to the following terms of the employment of TOG, subject to the approval of this Court:

A. Some of TOG employees will undertake these services at their standard hourly billing rates, which rates are as follows:

| Name | Position | Hourly Rate |
| --- | --- | --- |
| James O'Connor, Jr. | President | $300.00 |
| Edward Schatz | Managing Director | $200.00 |
| All other consultants | | $200.00 |

B. The hourly rates stated above are subject to periodic adjustments in the ordinary course of TOG's billing practices.

8. The Debtor, from its operating budget, has provided TOG with a pre-petition retainer in the amount of $10,000.00 (the "Retainer").

9. TOG has indicated its willingness to serve as financial consultant to the Debtor herein and to receive compensation for professional services rendered and expenses incurred in the manner set forth above and in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code, and as follows:

A. TOG seeks authority to submit monthly invoices to the Debtor for services rendered and expenses incurred (the "Monthly Invoices"; each a "Monthly Invoice", with copies to be served on the Office of the United States Trustee, all secured creditors, and any official committee of unsecured creditors or, if no committee has been formed, on the 20 largest unsecured creditors of the Debtor, for interim payment of 80% of fees and 100% of expenses.

B. The Debtor and any other entity served shall be entitled to object to the invoices submitted within ten days of service of same, by filing any such objection and serving same upon TOG (the "Payment Objection Deadline"). Each Monthly Invoice shall clearly indicate the Payment Objection Deadline.

C.  The Debtor shall make weekly payments (the "Weekly Payments") to TOG in accordance with the amounts set forth in the Budget attached to the Cash Collateral Stipulation (both of which the Debtor has filed herewith). The Weekly Payment amounts are $10,000 per week. TOG shall hold all Weekly Payments in escrow pending expiration of the Payment Objection Deadline for each Monthly Invoice.

D.  After expiration of the Payment Objection Deadline for each Monthly Invoice, TOG shall be entitled to immediate payment of the Monthly Invoice from the Weekly Payments held in escrow, subject to final Court approval through a fee application.

E.  If any party timely objects to one or more of the Monthly Invoices, then TOG shall continue to hold the Weekly Payments in escrow pending approval of a fee application or further order of this Court.

F.  The Retainer shall be retained by TOG in an interest bearing account, to be applied to any amounts remaining owing to TOG in connection with its final fee application.

10. Based upon the foregoing, the Debtor submits that the retention of TOG would be in the best interests of the bankruptcy estate.

11. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order in the form attached hereto:

    A.    Authorizing the Debtor to employ and retain TOG as its financial consultant, on the terms and conditions set forth above, to perform services recited herein;

    B.    Authorizing the Debtor to pay to TOG the Weekly Payments as set forth in the Budget attached to the Cash Collateral Stipulation filed herewith, to be held in escrow by TOG on the terms and conditions set forth herein;

    C.    Authorizing TOG to submit Monthly Invoices to the Debtor for interim payment of fees and expenses from the Weekly Payments held in escrow, at a rate of 80% and 100%, respectively, consistent with the procedures set forth above, and subject to subsequent Court review and approval pursuant to the Application;

    D.    Authorizing TOG to file interim applications from time to time for final approval of payment of its fees and reimbursement of its expenses incurred in connection with its representation of the Debtor in this proceeding; and

Case 09-22502    Doc 6    Filed 12/29/09    Entered 12/29/09 16:35:27    Desc Main
            Document      Page 6 of 12

E.  Granting such other and further relief as is just.

Respectfully submitted,

THE SKI MARKET LTD., INC.,

_____
Andrew Ferguson, President

Dated: December 29, 2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>**THE SKI MARKET LTD., INC.,**<br><br>Debtor. | Chapter 11<br>Case No. 09_____ |

## ORDER APPROVING RETENTION OF THE O'CONNOR GROUP, INC. AS FINANCIAL CONSULTANT TO DEBTOR

Upon the Application of The Ski Market Ltd., Inc. (the "Debtor") dated December 29, 2009 (the "Application"), and upon the affidavit of James O'Connor, Jr., attached to said Application; and it appearing that The O'Connor Group, Inc. ("TOG") is qualified to serve as financial consultant to the Debtor, and it appearing that TOG neither holds nor represents any interest adverse to the Debtor in connection with this proceeding and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, and that TOG's employment is in the best interest of the Debtor, it is hereby ORDERED that:

A.  The Debtor is authorized to employ and retain TOG to serve as its financial consultant in the above-captioned proceeding and to perform all of the services described in the Application and on the terms and conditions set forth therein;

B. The Debtor is authorized to pay to TOG the Weekly Payments (as defined in the Application) and as set forth in the Budget attached to the Cash Collateral Stipulation, which Weekly payments shall be held in escrow by TOG on the terms and conditions set forth in the Application;

C. TOG is authorized to submit monthly invoices to the Debtor for interim payment of fees and expenses at a rate of 80% and 100%, respectively, consistent with the procedures set forth in the Application, and subject to subsequent Court review and approval pursuant to the Application; and

D. Absent any objection within ten days of service of TOG's monthly invoices, TOG is authorized to pay from the Weekly Payments held in escrow each TOG invoice at a rate of 80% of fees and 100% of expenses, with all payments subject to subsequent Court review and approval pursuant to the Application.

Dated: _____     _____
                                    Honorable
                                    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| **In re:**<br><br>**THE SKI MARKET LTD., INC.,**<br><br>Debtor. | **Chapter 11**<br>**Case No. 09**_____ |

## AFFIDAVIT OF EDWARD SCHATZ

COMMONWEALTH OF MASSACHUSETTS)
                                                     ) ss.:
COUNTY OF WORCESTER             )

Edward Schatz, Jr., being duly sworn, deposes and says:

1. I am the Managing Director of The O'Connor Group, Inc. ("TOG").

2. This affidavit is submitted in connection with the Application by Debtor for Order Approving Retention of TOG as Financial Consultant (the "Application").

3. Neither I, TOG, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to that of the Debtor in the matters upon which said consulting firm is to be engaged. Thus, I believe TOG to be a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

4. Other than as stated in ¶3 above, my, and my firm's, connections with the Debtor, creditors, or other parties-in-interest, their respective attorneys and accountants are, to the best of my knowledge, as follows:

A. The Debtor engaged TOG prior to the Petition Date, pursuant to a letter agreement dated October 30, 2009, to provide financial consulting services related to this proceeding.

B. TOG has established a medical insurance plan through Blue Cross Blue Shield of Massachusetts ("Blue Cross") for the benefit of its qualified and participating employees. Upon information and belief, the Debtor has also established a medical insurance plan through Blue Cross for the benefit of its qualified and participating employees, and the Debtor has listed Blue Cross on its Schedule E "for notice purposes only."

C. TOG has in the past served as a financial consultant for clients in cases, unrelated to this proceeding, in which Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL") may have represented a related party. The Debtor has filed herewith an application to employ MODL as its counsel. TOG's work on such cases will not affect its ability to represent the Debtor in this proceeding.

D. TOG makes periodic payments to various service providers, such as FedEx, for services provided to TOG. FedEx is listed on the Debtor's Schedule F as a creditor holding an unsecured non-priority claim. TOG's engagement of various service providers will not affect TOG's representation of the Debtor in connection with its bankruptcy proceeding.

5. TOG does not and, while employed by the Debtor, will not represent any other entity having an adverse interest in connection with this proceeding.

6. I have not agreed to share with any person the compensation to be paid for the services rendered in this case, other than among the members and employees of TOG.

7. The rates charged by TOG, for services rendered in cases pending before the Bankruptcy Court, are the same as TOG's rates for services rendered in non-bankruptcy matters.

8. The rates currently charged for those members and employees who are presently anticipated to perform services in the above-captioned case are as follows:

| Name | Position | Hourly Rate |
|---|---|---|
| James O'Connor, Jr. | President | $300.00 |
| Edward Schatz | Managing Director | $200.00 |
| All other consultants | | $200.00 |

Said rates are subject to change in the ordinary course of TOG's billing practices.

9. TOG received a retainer in this case from the Debtor in the amount of $10,000.00, which sum, upon information and belief, was generated by the Debtor from operation of its business.

10. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

11. I have reviewed the provisions of MLBR 2016-1.

12. I have read the Application of the Debtor for an order approving the retention of TOG as financial consultant which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 29, 2009

_____
Edward Schatz, Managing Director

{Practice Areas\CORP\22546\00001\A4089907.DOC}    3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

In re:

THE SKI MARKET LTD., INC.,

    Debtor.

Chapter 11
Case No. 09_____

### DECLARATION RE: ELECTRONIC FILING

PART I – DECLARATION OF PETITIONER

I, Edward Schatz, hereby declare under penalty of perjury that all of the information contained in my Affidavit (singularly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 12/29/09 , 2009

Edward Schatz, Managing Director

{Practice Areas\CORP\22546\00001\A4089908.DOC}